# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF INDIANA
# SOUTH BEND DIVISION

| | |
|---|---|
| JOSEPH REMBERT, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | )   CAUSE NO. 3:14-CV-1873 |
| | ) |
| SUPERINTENDENT, | ) |
| | ) |
| Respondent. | ) |

## OPINION AND ORDER

This matter is before the Court on a Petition under 28 U.S.C. Paragraph 2254 for Writ of Habeas Corpus by a person in State Custody filed by Joseph Rembert, a *pro se* prisoner, challenging a disciplinary determination made by a hearing officer at Indiana State Prison ("ISP") under case number I.S.P. 14-05-0272. For the reasons set forth below, the court **DENIES** the petition (DE 1).

BACKGROUND

On May 25, 2014, Officer Taylor prepared a conduct report charging Rembert with possession of a weapon. (DE 6-1.) The conduct report stated as follows:

> I, Ofc. Taylor on 5-25-15 at approx. 7:30 am was inventorying Rembert #146478 property and when I lifted Rembert's cabinet underneath was a long piece of metal which had been sharpened at the end.

(*Id.*)

On May 29, 2014, Rembert was notified of the charge. (DE 6-2 at 1.) The screening report reflects that he pled not guilty, requested lay advocate, and requested a witness, Captain Yancy, but no physical evidence. (*Id.*) On June 11, 2014, a hearing officer conducted a disciplinary hearing and found Rembert guilty of the charge of possession of a weapon. (DE 6-3 at 1.) Relying on staff reports, witness statements, and photographs, the hearing officer imposed a penalty of 60 days lost earned time credits. (*Id.* at 7.) Rembert appealed to the facility head and the final reviewing authority, but his appeals were denied. (DE 6-4, 6-5.)

DISCUSSION

When prisoners lose earned time credits in prison disciplinary hearings, the Fourteenth Amendment Due Process Clause guarantees them certain procedural protections. To satisfy due process, there must be "some evidence" in the record to support the hearing officer's determination. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 455 (1985).

Rembert argues that the evidence was insufficient to support a guilty finding. He claims that his cell was searched by Lt. Dustin on May 24, 2014, and no weapon was found during that search. Rembert points out that he did not return to his cell again before Officer Taylor found a weapon in his cell the next day. So, Rembert concludes, the weapon found could not have been his.

In reviewing a disciplinary determination for sufficiency of the evidence, "courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999). "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56.

In this case, there is ample evidence to support the hearing officer's determination. The conduct report written by Ofc. Taylor recounted that he found a weapon hidden in Rembert's cell. This is sufficient evidence by itself. *McPherson*, 188 F.3d at 786 (7th Cir. 1999) (conduct report alone provided some evidence to support disciplinary determination). In addition, Officer Drabenstat stated that he observed the discovery of the weapon that was hidden under cabinet in Rembert's cell. *Moffat*, 288 F.3d at 988 (witness statements constituted some evidence). Because there is some evidence to support the hearing officer's determination, Rembert's argument is without merit. The fact that Officer Dustin did not find the hidden weapon in a prior search of Rembert's cell does not change this conclusion.

CONCLUSION

For the reasons set forth above, the court **DENIES** the petition (DE 1).


**DATED: September 3, 2015**              **/s/RUDY LOZANO, Judge**
                                          **United States District Court**